**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

   **-v-**　　　　　　　　　　　　　　　　　　　　　　　　　　**00-CR-269**

**JAMES THOMAS,**

        **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

      Defendant was convicted upon his guilty plea of a violation 21 U.S.C. §§ 841(a) & 846. At the time of sentencing, the Court found Defendant to have a base offense level of 31, criminal history category of III, resulting in a presumptive United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of 155-188 months incarceration. Defendant was, however, subjected to a twenty year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b). The government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 based on defendant's substantial assistance. The Court granted the motion and imposed a sentence of 110 months incarceration.

      Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base (crack cocaine) offenses. *See* U.S.S.G.

1

§ 2D1.1(c); Def. Motion (dkt. # 815). For the reasons set forth below, the motion is denied.

The applicable statute providing authority for the Court to re-sentence a defendant in these circumstances is 18 U.S.C. § 3582(c)(2). This provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**.

18 U.S.C. § 3582(c)(2)(emphasis added).

The applicable policy statement issued by the Sentencing Commission is U.S.S.G. §1B1.10 ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)"). This provides in pertinent part:

> (a) <u>Authority</u>. -
>
> \* \* \*
>
> (2) <u>Exclusions.</u> - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> \* \* \*
>
> (B) [the crack cocaine sentence reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation.</u>—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

U.S.S.G. § 1B1.10(a)(2)-(3).

Where a particular case involves a statutory mandatory minimum sentence that exceeds the applicable Guidelines range, the Court must set the Guidelines sentence at the statutorily required minimum. U.S.S.G. § 5G1.1(b); *see United States v. Johnson*, — F.3d —. —, 2008 WL 516518, at *4 (8th Cir. Feb. 28, 2008). Thus, when a defendant has a Guidelines range below the mandatory minimum *before* applying U.S.S.G. § 5G1.1(b), the Guidelines sentence *becomes* the statutory mandatory minimum. See U.S.S.G. § 5G1.1(b)("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, **the statutorily required minimum sentence shall be the guideline sentence**.")(emphasis added); *see also Johnson*, 2008 WL 516518, at *4.

The retroactive crack cocaine sentencing amendment, which affects only the Guidelines sentence (not the statutory sentence), offers Defendant no help. *Johnson*, 2008 WL 516518, at *4. The Guidelines sentence - either before or after application of the crack cocaine sentencing amendment - is still the statutory mandatory minimum. Inasmuch as the Guidelines sentence would <u>not</u> be changed by the retroactive crack sentencing amendment, the exclusion set forth at U.S.S.G. § 1B1.10(a)(2)(B) ("[the crack cocaine sentencing reduction amendment] does not have the effect of lowering the defendant's applicable guideline range") applies. *Johnson*, 2008 WL 516518, at *4. Accordingly, "[a] reduction in the defendant's term of imprisonment is not consistent with [the applicable] policy statement **and therefore is not authorized under 18 U.S.C. § 3582(c)(2).**" U.S.S.G. § 1B1.10(a)(2)(emphasis added); *see also Johnson*, 2008 WL 516518, at *4.

While the statutory mandatory minimum was excused in this case because a government motion was made under 18 U.S.C. § 3553(e) and U.S.S.G. 5K1.1, the ultimate sentence was not a Guidelines sentence, but rather a statutory sentence authorized by 18 U.S.C. § 3553(e).  See  18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.").  While the sentence "shall be imposed *in accordance with* the guidelines and policy statements issued by the Sentencing Commission," id. (emphasis added), the Guidelines sentence is set at the statutory mandatory minimum by operation of U.S.S.G. § 5G1.1(b).  *See United States v. Richardson*, 2008 WL 398969, at* 9  (2d Cir. Feb. 15, 2008)(in such circumstances "**the Guidelines sentence** ends up as the statutory minimum")(emphasis added); *see also id.* at * 8 (even though  a U.S.S.G. § 5k1.1 motion allows a departure below the U.S.S.G. guideline range, such a motion "is, as a practical matter, superfluous [in these circumstances] [because] . . . it does not, in and of itself, authorize a district court to depart below a statutory minimum.")(citation omitted).  Thus, even in these circumstances, the retroactive crack cocaine sentencing amendment, which affects only the Guidelines sentence, offers the defendant no help.

Further, as the Second Circuit recently stated:

> When, as here, the Guidelines sentence ends up as the statutory minimum, **any reduction may be based only on substantial assistance to the government and on no other mitigating considerations**. *See* 18 U.S.C. § 3553(e) (providing "defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense" as singular ground for departing below statutory minimum); *see also United States v.*

> *Desselle,* 450 F.3d 179, 182 (5th Cir.2006), *cert. denied,* 127 S. Ct. 1148 (Jan. 22, 2007) ("We ... join the majority of circuits in holding that the extent of a ... § 3553(e) departure must be based solely on assistance-related concerns."); *United States v. Williams,* 474 F.3d 1130, 1130-31 (8th Cir.2007) ("Where a court has authority to sentence below a statutory minimum only by virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations."); *United States v. Auld,* 321 F.3d 861, 867 (9th Cir.2003) ("[I]n fixing a substantial assistance departure. . . [t]he district court may not, however, consider factors unrelated to the defendant's assistance.").

*United States v. Richardson*, 2008 WL 398969, at * 9 (2d Cir. Feb. 15, 2008)(emphasis added); *see also id*. at * 7 - *8 (consideration under a U.S.S.G. § 5k1.1 motion is likewise limited to the circumstances of a defendant's assistance); *Johnson*, 2008 WL 516518, at *3 ("In reducing a sentence below the statutory minimum under 18 U.S.C. § 3553(e) for a defendant's substantial assistance, a court may only consider factors related to that assistance and may not use the factors in 18 U.S.C. § 3553(a) to decrease the sentence further.").

Because the Court has already fully considered Defendant's cooperation in setting his sentence, and because the Court is limited to considering *only* cooperation in moving below the statutory mandatory minimum, the crack cocaine sentencing amendment is also, "as a practical matter, superfluous."

While it could be argued that under *Booker* and *Kimbrough* a whole new range of possibilities exist to fashion a sentence based on the crack cocaine to cocaine disparity found in the Guidelines, the argument is rejected. *See United States v. Booker,* 543 U.S. 220, 261 (2005); *Kimbrough v. United States*, - - U.S. - -, 128 S. Ct. 558 (2007). First, neither *Booker* or *Kimbrough* have been held to apply retroactively. Second, the

5

applicable policy statement provides that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Third, since the retroactive crack cocaine sentencing amendment is not applicable (for the reasons discussed), 18 U.S.C. § 3582(c)(2) does not apply and, accordingly, there is no basis to revisit Defendant's sentence.

It is therefore

**ORDERED** that Defendant's motion to reduce his sentence (dkt. # 815) is **DENIED**.

**IT IS SO ORDERED**

DATED:March 1, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge